EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
     Ronald Reagan Federal Bldg & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3592
     Facsimile: (714) 338-3708
     E-mail:    gregory.scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
06/17/16
CENTRAL DISTRICT OF CALIFORNIA
BY: ___GR___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>FABIAN JALILVAND TEHRANI,<br><br>     A Fugitive from the Government of Germany. | No. SA 16-MJ-250-RAO<br><br>ORDER |

     The extraditee, FABIAN JALILVAND TEHRANI ("TEHRANI"), was arrested on June 2, 2016 pursuant to a complaint and warrant issued by the Honorable Karen E. Scott, United States Magistrate Judge, seeking TEHRANI's extradition to Germany, pursuant to an extradition treaty between Germany and the United States, and pursuant to 18 U.S.C. 3184 et seq.  Judge Scott signed the warrant for arrest for extradition on May 17, 2016.  TEHRANI appeared before this Court on June 2, 2016.  At that time the government submitted a brief requesting detention.  At the request of counsel for TEHRANI, the matter was set for a detention hearing on June 10, 2016.

  Prior to the detention hearing, counsel for TEHRANI submitted a brief in opposition to the government's request for detention pending extradition proceedings, requesting bail in the amount of a $100,000 bond, with $25,000 justified by cash, arguing that TEHRANI neither poses a flight risk nor poses a risk of danger to the community, and that special circumstances exist warranting bail.  The government also submitted a brief prior to the detention hearing, arguing that TEHRANI poses a flight risk and that no special circumstances exist warranting bail.  The Court has reviewed all the written submissions.  At the hearing the Court heard from counsel for TEHRANI and the government.  The Court has also considered the initial and updated Pretrial Services Reports.

  The federal statute governing extradition procedures in the United States pursuant to treaties with other nations, 18 U.S.C. §§ 3184 et seq., does not provide for bail.  Consequently, the Bail Reform Act, Title 18 U.S.C. §§ 3141 et seq., and its criteria governing the allowance and the amount of bail in United States criminal cases do not apply in extradition matters.  Kamrin v. United States, 725 F.2d 1225, 1227-28 (9th Cir. 1984).  It is well-settled that a presumption against bail governs in an international extradition proceeding, and only "special circumstances" can justify release on bail.  In re Extradition of Kirby, 106 F.3d 855, 858 (9th Cir. 1996) (quoting Wright v. Henkel, 190 U.S. 40, 63 (1903)); see also Salerno v. United States, 878 F.2d 317, 318 (9th Cir. 1989).  This presumption "exists due to the foreign relations interest of the United States in successfully returning persons subject to criminal prosecution to the requesting country."  In re Extradition of Nacif-Borge, 829 F.Supp. 1210, 1215 (D. Nev. 1993).

The extraditee must demonstrate both that he is not a flight risk and that there are special circumstances warranting bail.  See Salerno, 878 F.2d at 318; In re Extradition of Santos, 473 F.Supp.2d 1030, 1035-36 (C.D. Cal. 2006); United States v. Ramnath, 533 F. Supp. 2d 662, 665 (E.D. Tex. 2008); In re Extradition of Molnar, 182 F. Supp. 2d 682, 687 (N.D. Ill. 2002); In re Extradition of Nacif-Borge, 829 F.Supp. at 1215; In re Extradition of Chapman, 459 F.Supp.2d 1024, 1026-27 (D. Hawai'i 2006).  The Court finds that TEHRANI has not successfully met his burden as to either prong.[1]

As to risk of flight, TEHRANI has demonstrable ties to no less than five countries.  Though he has lived in the Los Angeles area for some time, the timing of his departure from Germany in the aftermath of the execution of a search warrant at his residence there, coupled with his wide geographic ties, establishes his flight risk.  TEHRANI's showing has not adequately demonstrated otherwise.

Neither has he demonstrated special circumstances.  The Ninth Circuit has stated that issues common to all incarcerated defendants do not qualify as "special circumstances."  In re Extradition of Smyth, 976 F.2d 1535, 1535-36 (9th Cir. 1992).  Regarding anticipated delay, TEHRANI has not shown circumstances that are different from "factors applicable to all defendants facing extradition."  In re Extradition of Mainero, 950 F.Supp. 290, 294 (S.D. Cal. 1996).  Accordingly, the anticipated delay in extradition proceedings is not a special circumstance warranting bail in this case.

---

[1] Like the Court in In Re Extradition of Perez-Cueva, 2016 WL 884877 (C.D. Cal. Mar. 7, 2016), this Court does not resolve the issue of the standard by which an extraditee must demonstrate special circumstances because, even assuming the standard is preponderance of the evidence, TEHRANI has failed to satisfy that standard.

TEHRANI's claim of substantial delay by Germany also does not rise to the level of a special circumstance warranting bail.  The Court finds that the timeline laid out in the government's brief, as supported by the exhibits thereto, does not support the inference that Germany chose not to make the extradition of the TEHRANI a priority, and finds no case law suggesting that any of the delays cited by TEHRANI in this case would constitute a special circumstance warranting bail.  To the contrary, the case law supports the finding that no delay here warrants bail.  See, e.g., Extradition of Drumm, --- F.Supp.3d ----, 2015 WL 8492037, at *4 (D.Mass. 2015); Extradition of Drayer, 190 F.3d 410, 415 (6th Cir. 1999); Martin v. Warden, 993 F.2d 824, 830 (11th Cir. 1993).

For the reasons set forth above, and the reasons mentioned by the Court on the record, the Court finds that TEHRANI's release on bail will pose an unacceptable risk of flight in the context of an extradition proceeding, and that TEHRANI has not demonstrated special circumstances warranting bail.

IT IS THEREFORE ORDERED that TEHRANI be detained during the pendency of extradition proceedings.

IT IS FURTHER ORDERED that TEHRANI be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that TEHRANI be afforded reasonable opportunity for private consultation with counsel.

IT IS FURTHER ORDERED that on order of a Court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which TEHRANI is confined

deliver TEHRANI to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Court has also been apprised by the government that the formal extradition papers have been filed with the clerk's office and that under the practices and procedures of this judicial district, such filing should trigger the assignment of a magistrate judge paired with a district judge for further proceedings in this matter. To ensure that such assignment occurs, the parties are ordered to contact this Court with an update by June 24, 2016 such that, if no such assignment has occurred, this Court can set a status conference to ensure the timely progress of this matter.

IT IS SO ORDERED.

June 17, 2016
DATE

*Rozella A. Oliver*
HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

Presented by:

   /s/
GREGORY S. SCALLY
Assistant United States Attorney